UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JORGE OLIVEIRA,

                                  Plaintiff,

            - against -                                 04 Civ. 5287 (CM)

CITY OF MOUNT VERNON,

                                  Defendants.

---------------------------------------------------------------x

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

McMahon, J.:

Plaintiff Jorge Oliveira filed this action against the City of Mount Vernon for personal injuries sustained when he was allegedly struck in the back by a snowplow owned and operated by defendant. Defendant moves for summary judgment on the ground that, under New York Vehicle and Traffic Law § 1103(b)[1], the snowplow operator was "actually engaged in hazardous operation," and thus is held to a recklessness– rather than a basic negligence– standard. The court agrees with defendant and finds that, based on the evidence contained in the record, no reasonable trier of fact could conclude that the operator of the snowplow that allegedly struck plaintiff acted with reckless disregard. Accordingly, defendant's motion for summary judgment is granted and plaintiff's cross-motion for summary judgment is denied.

---

[1] Because jurisdiction exists under 28 U.S.C. § 1332 on the basis of diversity between plaintiff, a citizen of Brazil, and defendant, a citizen of New York, New York law governs this action.

**Facts**

The relevant facts, as set forth in the Complaint, the parties' Rule 56.1 Statements, and other materials submitted in connection with defendants' motion for summary judgment and plaintiff's cross-motion for summary judgment, are as follows:

At approximately 9:40 a.m. on January 24, 2004, following a heavy snowfall, plaintiff was scraping snow and ice from the windshield of his car, when he was struck in the back by an object that felt like a "mallet" or "hammer." (Complaint ("Cplt.") ¶ 10; Oliveira Dep. at 59). Plaintiff's car was parked on the street in front of his house at 144 Stevens Avenue in the City of Mount Vernon. (Cplt. ¶ 10). Plaintiff did not see or hear a snowplow prior to the accident or as he fell to the ground. (Oliveira 50-H Tr. at 26; Oliveira Dep. at 61). Nevertheless, plaintiff alleges that he was struck by a snowplow, which was traveling down the same block of Stevens Avenue at the time he was hit. (Pl.'s 56.1 St. ¶ 3).

Carmine Busa, who was operating the snowplow at issue, had been assigned to plow Stevens Avenue and the surrounding streets in the center of the City of Mount Vernon. (Def.'s 56.1 St. ¶ 16). Mr. Busa was plowing the intersection of Stevens Avenue and Lincoln Avenue when he received a call from headquarters directing him to plow the City Hall area, approximately three blocks away. (Busa Dep. at 38-40). Mr. Busa traveled down Stevens Avenue on his way to City Hall. (Id.).

About 30 minutes later, he was stopped by a man who suggested that Mr. Busa might have hit a pedestrian as he drove down Stevens Avenue. (Busa Dep. at 40). Thereafter, Mr. Busa returned to the scene of the accident and called for an ambulance, police and a foreman from the Department of Public Works. (Busa Dep. at 45).

As a result of the accident, plaintiff sustained serious injuries to his back, requiring spinal surgery. (Cplt ¶ 12; Pl.'s Mem. Of Law at 5).

**Standard of Review**

A party is entitled to summary judgment pursuant to Rule 56 when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). Whether any disputed issue of fact exists is for the Court to determine. Balderman v. United States Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation" and "must do more than simply show that there is some *metaphysical doubt* as to the material facts." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998); Matsushita Elec. Indus. Co., 475 U.S. at 586 (citations omitted). Moreover, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Anderson, 477 U.S. at 248.

## Conclusions of Law

Under § 1103(b) of New York's Vehicle and Traffic Law, all vehicles "actually engaged in work on the highway" or in "hazardous operation" are exempt from the "rules of the road." Riley v. Broome, 95 N.Y.2d 455, 461 (N.Y. 2000). Specifically, § 1103(b) provides:

> Unless specifically made applicable, the provisions of this title, except the provisions of sections eleven hundred ninety-two through eleven hundred ninety-six of this chapter, shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway nor shall the provisions of subsection (a) of section twelve hundred two apply to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway but shall apply to such persons and vehicles when traveling to or from such hazardous operation. The foregoing provisions of this subsection shall not relieve any person, or team or any operator of a motor vehicle or other equipment while actually engaged in work on a highway from the duty to proceed at all times during all phases of such work with due regard for the safety of all persons nor shall the foregoing provisions protect such persons or teams or such operators of motor vehicles or other equipment from the consequences of their reckless disregard for the safety of others.

There is a disputed issue of fact as to whether Mr. Busa was actually plowing Stevens Avenue as he traveled down that road; Busa says his plow was down while he traveled toward City Hall (Busa Dep. at 37-8), but two third party witnesses testified that the snowplow was raised as it proceeded down Stevens Avenue (Pires Dep. at 59; Evangelista Dep. at 18). Obviously, I cannot resolve that dispute, and should it be relevant to the resolution of the legal issue, I would have to give the issue to a jury.

However, if I were to view the evidence in the light most favorable to the plaintiff – that is, if I were to assume that the plow was up, not down – and still conclude that driving with the plow up constitutes being "actually engaged in hazardous operation," rather than "traveling to or

4

from such hazardous operation," defendant's motion could be granted and plaintiff's denied. I do so conclude.

There is a significant body of case law applying §1103(b) to snowplows, but none of those cases is precisely like this one. It is clear that, under § 1103(b), a snowplow can be "actually engaged in hazardous operation" even if it is not pushing snow at the moment of the accident. If, for example, the plow itself was briefly raised so the vehicle could maneuver through an intersection, McLeod v. State of New York, 2005 WL 1552696, *5 (N.Y.Ct.Cl. May 10, 2005), or if the plow was raised to enable the vehicle to make a U-turn on Interstate 81, McDonald v. State of New York, 673 N.Y.S.2d 512 (N.Y.Ct.Cl. 1998), the snowplow is still "actually engaged in hazardous duty." But of course, those are not our facts.

It is equally clear that snowplows are not "actually engaged in hazardous operation" when they are involved in unauthorized activity, driven outside of business hours, or driven outside of their authorized geographic location. See, e.g., Niro v. Village of Lake George, 749 N.Y.S.2d 589, 591 (3d Dept. 2002) (§ 1103(b) inapplicable to defendant where snowplow operator was plowing his own driveway, five miles from the village limits, during off duty hours); Marvin v. Middlesex, 2002 WL 58928 (N.Y.Sup.Ct. Jan. 10, 2002) (§ 1103(b) inapplicable where snowplow was being used to haul gravel four miles from work site). Obviously, none of those cases addresses this situation, either.

In our case, the snowplow was being driven from one location where it was engaged in plowing to another location where it was supposed to engage in plowing. Skolnick v. Town of Hempstead, 718 N.Y.S.2d 81 (2d Dept. 2000), is not a snowplow case, but it appears to be the most closely analogous to our facts. In Skolnick, the court found that a maintenance truck,

which was traveling the wrong way down a one-way street *after* cleaning the storm drains at the end of that street, was "actually engaged in hazardous operations"– despite the fact that the truck was not actively involved in cleaning drains at the moment of the accident, but was leaving the place where it had performed the cleaning.

Reasoning from Skolnick, I conclude that – even if the plow was raised – Mr. Busa's snowplow was "actually engaged in hazardous operation," as a matter of law, at the time of the alleged incident. Busa was engaged in plowing snow (his authorized activity) in his designated area. His supervisor directed him to go to a different area to plow, and he did so, using as his route the very street he was responsible for plowing. Busa was not traveling to or from work at the beginning or the end of his shift; he was not using his vehicle while on a break or during off duty hours; and he was not engaged in unauthorized activity. Rather, Busa was on the clock, following orders from headquarters, and actively engaged in the process of snow removal. He was engaged in the same sort of conduct as the trucker in Skolnick. He was, therefore, exempt from the "rules of the road."

In order for Mr. Busa to be liable under § 1103(b), he must have "'intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probably that harm would follow' and [must have] done so with conscious indifference to the outcome." Riley, 95 N.Y.2d at 466 (quoting Saarinen v. Kerr, 84 N.Y.2d 494, 501 (N.Y. 1994)). The record is devoid of any evidence tending to establish that Mr. Busa acted with reckless disregard. Therefore, no reasonable jury could conclude that Mr. Busa's conduct was reckless under § 1103(b). Accordingly, defendant's motion for summary judgment is granted, and plaintiff's cross-motion is denied. See, e.g., State Farm Mut. Auto. Ins. Co. v.

6

of Babylon, 2005 WL 2347635, *1 (N.Y.App.Term Sept. 20, 2005) (granting defendant's motion for summary judgment in the absence of evidence that snowplow was operated in reckless disregard for the safety of others); Burke-Thorpe v. State of New York, 2005 WL 1920738, *2 (N.Y.Ct.Cl. Sept. 23, 2005) (same); McLeod, 2005 WL 1552696 at *5 (same); Gawelko v. State of New York, 710 N.Y.S.2d 762 (N.Y.Ct.Cl. 2000) (same).

## Conclusion

For the foregoing reasons, the Complaint is dismissed in its entirety.

The Clerk of the Court is directed to enter judgment in favor of defendant, and to close the file.

This constitutes the decision and order of the Court.

Dated: December 2, 2005.

_____
U.S.D.J.

BY FAX TO ALL COUNSEL